1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS LYN BROOKS,                          No.  2:  17-cv-2172 JAM KJN P

12                  Plaintiff,

13        v.                                      ORDER

14   M. E. SPEARMAN, et al.,

15                  Defendants.

16

17        On January 8, 2018, plaintiff filed a motion for leave to amend his complaint.  Plaintiff's

18   motion was not, however, accompanied by a proposed amended complaint.  As a prisoner,

19   plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis

20   statute.  See 28 U.S.C. § 1915A.  Because plaintiff did not submit a proposed amended complaint,

21   the court is unable to evaluate it.

22        Plaintiff has also filed a second request for appointment of counsel.  District courts lack

23   authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.

24   United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may

25   request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell

26   v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

27   (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

28   consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

                                              1

articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 19) is denied;

2. Plaintiff's motion for appointment of counsel (ECF No. 21) is denied.

Dated: January 23, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Br2172.ame